1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  ALFRED GONZALES,[1]
                                        NO. CIV. S-05-714 LKK/JFM
12
          Plaintiff,
13
       v.                                    O R D E R
14
    CIGNA GROUP INSURANCE; LIFE
15  INSURANCE COMPANY OF NORTH
    AMERICA; CIGNA CORPORATION;
16  and CIGNA LIFE INSURANCE
    COMPANY OF NEW YORK,
17
          Defendants.
18  _____/

19      A hearing on this case is scheduled for August 15, 2005,

20  at 10:00 a.m., on the Law and Motion Calendar of this court

21  pursuant to Life Insurance Company of North America's ("defendant")

22  ////

23  ////

24  _____

25      [1]  In the first amended complaint, plaintiff omitted those
    claims involving his wife and it appears she is no longer a party
26  to the instant action.

                                   1

1   motions to strike and dismiss.[2]

2       Plaintiff, Alfred E. Gonzales, has filed a statement of non-

3   opposition to defendant's motion to strike.  In addition, plaintiff

4   explains in his "opposition" brief to defendant's motion to dismiss

5   that he attempted to amend his complaint to remove the second cause

6   of action and faxed a stipulation and copy of the proposed second

7   amended complaint to defendant's counsel. Opp'n at 2.  Defendant's

8   counsel, however, advised plaintiff that she could not receive

9   authorization to sign the stipulation in time, and to file the

10  second amended complaint - and, apparently, to leave the matter on

11  the court's law and motion calendar.[3]  Id.  The court has examined

12  plaintiff's "opposition" brief and the attached proposed second

13  amended complaint indeed removes the second cause of action and

14  cures any deficiencies defendant complains of in its motion to

15  _____

16      [2]  Defendant moves to strike plaintiff's demand for a jury
    trial.  Defendant also moves to dismiss plaintiff's second cause
17  of action.

18      [3]  The proper course would have been for defendant to withdraw
    the motion to dismiss and await authorization.  Again, it appears
19  to the court that the defendant would pointlessly involve the court
    than to proceed practically.  Defendant previously filed a motion
20  to dismiss and a motion to strike containing the same allegations
    and arguments which was scheduled for July 18, 2005 on the court's
21  Law and Motion Calendar.  On July 1, 2005, the parties filed a
    stipulation with the court whereby the parties agreed that in lieu
22  of the plaintiff filing opposition briefs to the motions,
    plaintiff would file a first amended complaint on or before July
23  8, 2005.  Plaintiff filed a first amended complaint on July 6,
    2005.  Consequently, the court issued and order deeming defendant's
24  motions withdrawn.  Plaintiff's first amended complaint,
    unfortunately, did not cure the deficiencies defendant complains
25  of, thus requiring defendant to re-file its motions and this
    court expending its limited resources on this matter.  To put it
26  directly, the court is not happy with the conduct of either party.

1   dismiss.

2        Accordingly, the court makes the following ORDERS:

3        1.   The hearing on the motions to strike and dismiss

4   presently before the court is VACATED.

5        2.   Defendant's motions to strike and dismiss are GRANTED.

6        3.   Plaintiff's jury demand is STRICKEN.

7        4.   Plaintiff is directed to FILE his Second Amended

8   Complaint within ten (10) days of this order.

9        IT IS SO ORDERED.

10        DATED:  August 9, 2005.

11                                    /s/Lawrence K. Karlton
                                      LAWRENCE K. KARLTON
12                                    SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT
13

14

15

16

17

18

19

20

21

22

23

24

25

26